UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AMIE ZIMMERMAN,

                              *Plaintiff*,

-against-

HAVIDAN RODRIGUEZ, TODD FOREMAN and
PAUL BURLINGAME,

                              *Defendants*.

**SETTLEMENT AGREEMENT AND STIPULATON OF DISCONTINUANCE**
1:23-CV-44
FJS/DJS

---

This SETTLEMENT AGREEMENT AND STIPULATION OF DISCONTINUANCE ("Agreement") is made by and between Plaintiff Amie Zimmerman ("Plaintiff") and Defendants Havidan Rodriguez in his individual and official capacity, Todd Foreman in his individual and official capacity, and Paul Burlingame, in his individual and official capacity ("Defendants"), collectively, "the Parties," as follows:

**WHEREAS**, on or about October 18, 2022, Plaintiff was referred to the University at Albany, State University of New York ("UAlbany") Office of Community Standards for engaging in certain violations of UAlbany's Student Code of Conduct on October 15, 2022 (hereinafter, the "Referral"); and

**WHEREAS**, UAlbany resolved the Referral by issuing Plaintiff the sanction of disciplinary warning; and

**WHEREAS**, on or about January 11, 2023, Plaintiff filed a Complaint in the U.S. District Court for the Northern District of New York against the Defendants, Civil Case No.: 1:23-cv-00044-FJS/DJS (hereinafter the "Federal Action"); and

**WHEREAS**, on or about March 14, 2023, Plaintiff filed an Amended Complaint in the Federal Action against the Defendants; and

**WHEREAS**, prior to any determination by the Court regarding the Federal Action, the Parties entered into settlement negotiations during which all Parties were represented by counsel; and

**WHEREAS,** the Parties wish to resolve this matter without engaging in any further litigation; and

**WHEREAS**, the Parties have had all of the terms and conditions of this Agreement clearly explained to them and now freely consent to enter into this Agreement, such consent not having been induced by fraud, duress, or any other undue influence; and

**WHEREAS,** no party to this proceeding is an infant, incompetent person for whom a conservator, committee or guardian has been appointed and no person not a party has an interest in the subject matter of the proceeding;

**IT IS NOW STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1. The Federal Action, and all claims asserted in it, are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). The Parties waive their entitlement to attorneys' fees, expenses or costs, pursuant to any court order, statute or rule, including but not limited to, Fed. R. Civ. P. 54.

2. Upon the Court "so ordering" this Agreement, UAlbany agrees to expunge Plaintiff's disciplinary warning sanction from her conduct record. Notwithstanding, Plaintiff remains subject to all State University of New York ("SUNY") and UAlbany policies and procedures, including the Student Code of Conduct, Community Rights and Responsibilities.

3.     In consideration of the terms of the within Agreement, and other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, and except for the rights and obligations set forth in this Agreement, Plaintiff, on behalf of herself, administrators, successors, and assigns (collectively, "Releasing Parties"), hereby releases and forever discharges Defendants in their individual and official capacities, UAlbany, SUNY and the State of New York, together with their present and former agencies, authorities, commissions, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "Released Parties") from all manner of actions, proceedings, suits, grievances, injuries, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Plaintiff incurred in connection with the Federal Action, up to and including the date of this Agreement related to any and all rights, claims, causes of action, or grievances related to or arising out of the acts, transactions, occurrences, or omissions that are described, alleged or contained in the Federal Action.

4.     Each signatory to this Agreement herby represents and warrants that they have the requisite authority to enter into this Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Agreement.

5.     Plaintiff represents that she has thoroughly discussed with her counsel all aspects of this Agreement, and Plaintiff represents that she has carefully read and fully understands all of the provisions of this Agreement.  Plaintiff represents that she executes and delivers this Agreement voluntarily after being fully informed of its terms, contents and effect, and

acknowledges that she understands its terms, contents and effect. Plaintiff acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

6.  The Parties acknowledge that each party has cooperated in the drafting and preparation of this Agreement. The language in all parts of this Agreement shall be construed according to its fair meaning and not strictly for or against any party.

7.  Plaintiff represents and warrants that besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien in connection with the Federal Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

8.  It is understood and agreed that any actions taken pursuant to this Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of Defendants, SUNY, UAlbany, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, whether in an individual or official capacity, or any of them, or all of them, and that they expressly deny any wrongdoing or liability. Nothing contained in this Agreement shall be deemed to constitute a policy or practice of SUNY, UAlbany or the State of New York.

9.  This Agreement shall not in any manner be construed as determinative of the issues raised in the Federal Action or any other proceeding and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Agreement shall not bind

or collaterally estop Defendants, SUNY, UAlbany, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, whether in an individual or official capacity, or any of them, or all of them, in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

10. This Agreement constitutes the entire agreement between the parties hereto pertaining to the Federal Action, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the Parties, whether written or oral, with respect to the Federal Action and this Agreement, and may not be clarified, modified, changed or amended except in a writing duly executed by the parties or an authorized representative of the Parties.

12. The terms of this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to the releases and waiver of federal claims pursuant to this Agreement.

13. That this Agreement shall be submitted, without further notice, to the court to be "So Ordered."

14. This Agreement may be executed in counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instruments. Signatures transmitted by facsimile, e-mail or e-mailed in portable document form shall be deemed original signatures.

**IN WITNESS WHEREOF,** the Parties acknowledge that they have read this Agreement and accept and agree to the provisions set forth herein, and that each has executed this Agreement to be effective on the day and date first below written.

Dated: Albany, New York
      May  24 , 2023
EISNER, DICTOR & LAMADIRD, PC
Attorneys for Plaintiff

By: _____
     Maria L. Chickedantz

12345 Main St
New York, NY 10006
Telephone: (212) 473-8700
maria@eisnerdictor.com

Dated: Albany, New York
      May 24, 2023
LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants

By: s/ Jennifer J. Corcoran
Jennifer J. Corcoran
Assistant Attorney General, of Counsel
The Capitol
Albany, NY 12224
Telephone: (518) 776-2581
Email: Jennifer.Corcoran@ag.ny.gov

_____
Amie Zimmerman, Plaintiff
Dated: May 24 , 2023

_____
Havidan Rodriguez, Defendant
Dated: May 24 , 2023

_____
Todd Foreman, Defendant
Dated: May 24 , 2023

_____
Paul Burlingame, Defendant
Dated: May 24 , 2023

SO ORDERED:

_____
Frederick J. Scullin, Jr.
Senior United States District Judge

Date:  May 26,  2023